SHERIDAN v. PENN COLLIERIES CO.

(District Court, S. D. New York. February 19, 1904.)

1. SHIPPING—DEMURRAGE—LIABILITY OF CONSIGNOR.
    Where the consignor of cargo hires the vessel for its carriage, he is liable for demurrage on account of delay in discharging caused by the refusal of the consignee to receive the cargo, and cannot require the vessel owner, without his consent, to look to a new consignee for any part of it.

In Admiralty. Suit for demurrage.

James J. Macklin, for libellant.
William Greenough, Jr., for respondent.

ADAMS, District Judge. This action was brought by Robert Sheridan against the Penn Collieries Company to recover for detention in

¶ 1. Demurrage, see notes to Randall v. Sprague, 21 C. C. A. 337; Hagerman v. Norton, 46 C. C. A. 4.
    See Shipping, vol. 44, Cent. Dig. §§ 570, 576.

discharging his boat, Thomas Sheridan. On the 12th of December, 1902, the libellant received on board of the Sheridan, about 490 tons of coal for account of the respondent and was directed to deliver it to Nelson Brothers, at Gowanus Canal, Brooklyn. The boat duly reported on the 15th of December, but Nelson Brothers refused to receive the coal and it was not discharged by the party to whom it was afterwards sold, until the 26th of January, 1903.

There were some payments by the respondent on account of freight and demurrage and, after allowing a reasonable time for discharge, there remained a claim for $139.50, made up of 10 days' demurrage at $10 per day and $39.50, balance of freight. The respondent tendered $39.50, in full satisfaction of the claim, as its agent says. This tender was in a check, which the libellant received on the 28th of May, 1903, and used. Some weeks afterwards, June 17th, 1903, the claim being then in the hands of attorneys for collection, an offer was made to return the amount of the check. No reply was made by the respondent to the offer. There is no dispute as to the amount due for demurrage, the controversy being whether it should be paid by the libellant or the last consignee. The consignor was originally liable for the detention and there is nothing in the case to show any assumption of liability by the consignee, which the libellant accepted, in lieu of that of the consignor. Under the circumstances, the consignor remained liable, notwithstanding the payment of $39.50, which was not received in accord and satisfaction as claimed, and should be required to pay the balance of demurrage.

Decree for the libellant.